UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **ISAAC ESPINO**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SUNCOAST COURIERS, LLC**, a Florida limited liability company,<br><br>Defendant. | **CIVIL ACTION**<br><br>Case No. 2:25-cv-938<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT

**NOW COMES** the Plaintiff, **ISAAC ESPINO** ("ESPINO" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action for unpaid overtime wage compensation and unlawful retaliation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA").

## PARTIES

2. The Plaintiff is an individual and resident of Florida who at all material times worked for the Defendant in Lee County, Florida. At all times, Plaintiff had enterprise and individual coverage under the FLSA during his

1

employment with the Defendant, SUNCOAST COURIERS, LLC ("Defendant"). At all material times, Plaintiff was employed by the Defendant as a driver. Plaintiff performed work for the Defendant in locations throughout Florida, which is within the Middle District of Florida, during the events giving rise to this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District of Florida. While performing services for the Defendant, Plaintiff was engaged in interstate commerce, including delivering medical implants (from out-of-state sources) to hospitals and surgical centers throughout Florida and transporting goods that moved in interstate commerce.

3. The Defendant SUNCOAST COURIERS, LLC ("Defendant") is a Florida limited liability company engaged in the delivery of medical devices for the Zimmer Biomet organization, which is a global leader in medical technology specializing in designing, manufacturing, and marketing products for musculoskeletal healthcare, including orthopedic reconstruction, sports medicine, and dental implants. Defendant has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). Defendant's employees are engaged in interstate commerce through their business model which specifically involves interstate operations including: the delivery of medical devices in more than 100 countries; cross-border supply chains

involving the movement of raw materials, components, and finished products between different countries and across states within the United States; and handling goods and materials that move in interstate commerce.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff performed work for the Defendant who conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04.

## GENERAL ALLEGATIONS

6. ESPINO began his employment with the Corporate Defendant on or about June 26, 2023, and was employed as a driver.

7. ESPINO always performed his assigned duties in a professional manner and was very well qualified for his position.

8. The Defendant paid ESPINO at the rate of $31.00 per hour and misclassified him as an independent contractor when in fact he was a non-exempt employee.

9. ESPINO's job duties were of a strictly non-exempt nature, consisting of driver duties involving the delivery of medical implants to hospitals and surgical centers throughout Florida.

10. From June 26, 2023 to March 24, 2025, the Defendant misclassified ESPINO as an independent contractor and paid him on an hourly basis without overtime compensation.

11. During that time, ESPINO worked in excess of 40-hours per week nearly each week he was employed by the Defendant, averaging approximately 60-hours per week without receiving overtime compensation he was lawfully entitled to under the FLSA.

12. Despite being classified as an independent contractor, the Defendant exercised significant control over ESPINO's work, including setting his schedules, determining his routes, dictating how and when to perform his duties, and requiring him to be present every day. The Defendant also required ESPINO to clock in and out for some period of time.

13. ESPINO resigned from his employment on March 24, 2025.

14. The Defendant has thus violated the FLSA by failing to pay overtime wages due to ESPINO while misclassifying him as an independent contractor.

## **COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME**

15. The Plaintiff hereby incorporates Paragraphs 1-14 in this Count as though fully set forth herein.

16. Plaintiff was a covered, non-exempt employee under the FLSA at all times during his employment with the Corporate Defendant.

17. The Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked in excess of 40 hours per week.

18. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during his employment, including compensation, scheduling, route determination, and work methods.

19. The Defendant was Plaintiff's employer and is liable for violations of the FLSA in this case.

20. The Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half for all hours worked over 40 per week.

21. The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper overtime for all hours worked over 40 per week.

22. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

23. The Defendant is the proximate cause of Plaintiff's damages.

WHEREFORE, the Plaintiff prays that this Honorable Court enter a Judgment in Plaintiff's favor and against the Defendant for an amount

consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

October 17, 2025         **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com